UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ALABAMA

**ROBERT WHITE, an individual and**
**TINA WHITE, an individual,**

      Plaintiff,

v.

**NORTHWEST ALABAMA**
**TREATMENT CENTER, INC.**

      Defendant.

## COMPLAINT

      COME NOW, Plaintiffs Robert and Tina White and in complaint of Northwest Alabama Treatment Center, Inc. ("Defendant") states the following:

      1.    Plaintiffs Robert and Tina White ("Plaintiffs") sues Defendant alleging that Defendant failed to provide required notice of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

      2.    Plaintiffs Robert and Tina White bring this action against Defendant for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA")

      3.    Defendant, the plan sponsor of the Health Plan ("Plan") has violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon occurrence of a "qualifying event" as defined by the statute. As a result of these violations, which threaten Plaintiffs' ability to maintain their health coverage, Plaintiff seek statutory penalties, injunctive relief, attorney's fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

      4.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

      5.    Venue is proper in this District pursuant to 29 U.S.C. § 1132(e) (2) because the statutory violations at issue took place in this District, and Defendant has business operation in this District.

## PARTIES

6.     Plaintiff Robert White is an Alabama resident and former employee and board member of Defendant who was covered as a participant in the Plan up until the day of his termination of employment on February 18, 2017; which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

7.     Plaintiff Tina White is the spouse of Plaintiff Robert White.  Mrs. White was married to Mr. White upon Mr. White's termination; thereby making Mrs. White a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3)(i).

8.     Defendant is a domestic corporation, operating within the jurisdiction of this Court and employs more than 20 employees.  Defendant is the Plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

**COBRA Notice Requirements**

9.     The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

10.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event…to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161

11.     COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event.  29 U.S.C. § 1166(a)(4).  This notice must be "[i]naccordance with the regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

12.     The relevant regulations prescribed by the Secretary of Labor concerning notice of continuations of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

13.     Section 2590.606-4(b)(1), states:

> Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event…, the administrator shall furnish to each qualified beneficiary, not later than 14 days after

receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

14. Section 2590.606-4(b)(4), in turn provides as follows:

(4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

(i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii) Identification of the qualifying event;

(iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with reference to where a qualified beneficiary

may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)   A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii)   An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period.

(ix)   A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension.

(x)   In case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled.

(xi)   A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii)   A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should

be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

15. To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

16. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

**Defendant Did Not Provide Notice and Failed to Comply with COBRA**

17. Defendant did not provide Plaintiffs with any notice regarding their rights to continuation of healthcare coverage thus violating 29 C.F.R. § 2590.606-4. The notice provided by Defendant is attached as Plaintiff's exhibit A.

**Plaintiffs Robert and Tina White**

18. Plaintiff Robert White was employed by Defendant from June 1, 1993 to February 18, 2017.

19. Plaintiff experienced a qualifying event (termination of employment) on February 18, 2017. Importantly, for purposes of COBRA, Plaintiff was not terminated for gross misconduct.

20. At no time subsequent to Plaintiff's termination did he or his spouse ever receive notice of their rights to continuation of healthcare coverage.

21.     Plaintiff Tina White is and was the spouse of Plaintiff Robert White at the time of the qualifying event (termination of Mr. White's employment) thereby making her a qualified beneficiary.

## CLAIM FOR RELIEF

22.     Plaintiffs repeat and incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

23.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

24.     Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

25.     Plaintiffs experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

26.     After such qualifying event Defendant failed to send Plaintiffs a COBRA notice.

27.     Defendant's violation were material and willful.

28.     Defendant knew that it should provide Plaintiffs COBRA notice but failed to do so in deliberate and reckless disregard of the rights of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Robert and Tina White pray for relief as follows:

a.      Declare that Defendants failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

b.      Award appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3);

c.      Awarding statutory penalties to the Plaintiffs pursuant to 29 U.S.C. § 11329(c)(1) and 29C.F.R. § 2575.502c-1 in the amount of $110 per day for each Plaintiff;

d.      Awarding attorney fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law;

e.      Granting such other and further relief, in law or equity, as this Court deems appropriate.

## JURY TRIAL

29.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated this the 22nd day of July, 2017.

                                                      Respectfully submitted,

                                                     M. Brandon Walker
                                                     ASB-7482-H62W

**WITH THE LAW FIRM OF:**
Walker McMullan
242 West Valley Avenue
Ste 312
Birmingham, Alabama 35209
(205) 417-2541 (office)
1-800-671-9895 (facsimile)
Brandon@walkermcmullan.com